# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARCOS MONTES,                          )
                                        )
        Plaintiff,                    )
                                        )
v.                                      )  Civil Case No. 13-410 (RJL)
                                        )
JANITORIAL PARTNERS, INC., *et al.*,    )
                                        )
        Defendants.                   )

## MEMORANDUM ORDER
(December **24**, 2019)

Plaintiff Marcos Montes ("Montes") filed this suit against his former employer, Janitorial Partners, Inc., and various individuals who owned or managed Janitorial Partners, Inc., ("defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–19. Montes moved for default judgment after defendants failed to timely respond to his complaint, and on March 10, 2014, I granted his motion. Eight months later, defendants moved to vacate the judgment. As relevant here, defendants argued in their motion to vacate that Montes failed to properly effect service. Finding defendants' claim that they were never served with the complaint and summons "questionable, at best," I rejected the argument. *Montes v. Janitorial Partners, Inc.*, 128 F. Supp. 3d 188, 192–93 (D.D.C. 2015). But on appeal, the Circuit Court ruled that an evidentiary hearing was needed to evaluate the credibility of defendants' claim that they had not been served. *See Montes v. Janitorial Partners, Inc.*, 859 F.3d 1079, 1084–85 (D.C. Cir. 2017).

I referred the case to Magistrate Judge Meriweather, who conducted the required

1

evidentiary hearing on October 23, 2018. The hearing was one-sided. The process server who served defendants testified and confirmed that the information reported in his affidavits of service was accurate. The president of the company that employed the process server at the time of service then testified about the systems his company has in place to ensure the accuracy of affidavits. Defendants, on the other hand, did not present evidence. No witness testified at the hearing in support of their claim that they were never served with process in this case.

On June 4, 2019, after considering this evidence, Magistrate Judge Meriweather issued a Report and Recommendation that, unsurprisingly, recommends that this Court find that "Montes properly served [defendants] on June 6, 2013, and that the entry of default judgment . . . was not void." Report and Recommendation at 12 [Dkt. # 72]. No party filed objections to the Report and Recommendation within fourteen days, so any objections to it have been waived. *See* LCvR 72.3(b). In any event, Magistrate Judge Meriweather's recommendations are well founded. The Circuit Court required an evidentiary hearing "to judge [the] credibility" of contradictory declarations about service of process in this case. *Montes*, 859 F.3d at 1085 (quoting *Autera v. Robinson*, 419 F.2d 1197, 1202 (D.C. Cir. 1969)). Only Montes offered evidence at the hearing. Every bit of the hearing evidence supports Magistrate Judge Meriweather's conclusion that his view of the facts—that defendants were duly served—is the most credible.

Accordingly, for the reasons set forth in the Report and Recommendation, the lack of objections filed thereto, and the entire record herein, it is hereby

**ORDERED** that the Court **ADOPTS** the Report and Recommendation [Dkt. # 72], filed in this case on June 4, 2019, in its entirety, including the finding that Montes duly served defendants on June 6, 2013, and the determination that the entry of default judgment against defendants is not void due to any defect in service; and it is further

**ORDERED** that the parties shall, **within 30 days**, file a joint status report identifying any issues that remain for the Court's consideration, with a proposed schedule for resolving the outstanding issues.

      **SO ORDERED.**

RICHARD J. LEON
United States District Judge